UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Xin Chen, *et al.*,

            Petitioners,      Case No. 21-mc-51315

v.                                    Judith E. Levy
                                    United States District Judge
United States of America, *et al.*

            Respondents.    Mag. Judge Anthony P. Patti

_____/

# ORDER GRANTING THE MOTION TO DISMISS AS MOOT [14] THE MOTION TO DISMISS [5] AND THE PETITION TO QUASH [1]

Respondents United States of America, the Commissioner of the Internal Revenue Service ("IRS"), and the Revenue Agent for IRS are investigating Petitioners Xin Chen and Liqin Ren. Petitioners filed this case to quash Respondents' third-party summonses of their tax preparers, Wanru Hsieh, CPA, and Jane F. Wang, CPA (ECF No. 1), but Respondents have now withdrawn the challenged summonses (ECF No. 14-1). Before the Court are Respondents' motion to dismiss the petition (ECF No. 5), Magistrate Judge Patti's Report and Recommendation ("R&R") recommending that the Court grant in part Respondents' motion to dismiss (ECF No. 12), and Respondents' motion to dismiss as moot the

1

petition to quash and to deny as moot Respondents' motion to dismiss (ECF No. 14). For the reasons set forth below, the Court grants Respondents' motion to dismiss as moot the petition to quash and to deny as moot the motion to dismiss.

## I. Background

Petitioners are the subjects of an IRS income audit for the tax periods ending December 31, 2017 and December 31, 2018. The IRS also has another case against Petitioners related to their alleged failure to file form 5471 (the "Penalty Cases"). On September 28, 2021, Respondents issued two third-party summonses seeking to interview Hsieh and Wang and to obtain documents related to their work for Petitioners in the years 2005–2018 (the "September 28 summonses"). (*See* ECF Nos. 1-2, 1-3.)

On October 18, 2021, Petitioners initiated this case to quash Respondents' September 28 summonses, arguing that the summonses were issued for the improper purpose of investigating the Penalty Cases instead of the 2017–2018 audit, and that they are overly broad. On January 27, 2022, Respondents filed a motion to dismiss the petition (*See* ECF No. 5.), which the undersigned referred to Judge Patti for an R&R.

Judge Patti issued a thorough and well-researched R&R on May 17, 2022, recommending that the Court grant the petition to quash "only to the extent the summonses seek information for 2005 to 2016" and deny the January 27, 2022 motion to dismiss "only to the extent it defends the request for information for 2005 to 2016." (ECF No. 12, PageID.274.) Put another way, Judge Patti recommended that the Court order that Petitioners "be required to respond to the [September 28] summons[es], but only to the extent [the IRS] seek[s] information for 2017 and 2018." (*See id.*)

On May 27, 2022, heeding the recommendation of Judge Patti's R&R, Respondents withdrew the September 28 summonses (*See* ECF No. 14-1) and then filed a motion to dismiss as moot the petition and deny the January 27, 2022 motion to dismiss as moot. (*See* ECF No. 14.) Thereafter, on June 8, 2022, Petitioners issued two different summonses to Wang and Hsieh. (*See* ECF No. 15-3.) Then Petitioners filed a response opposing Respondents' May 27 motion, contending that the R&R "resolved the controversies at issue" (ECF No. 15-1, PageID.327.) Petitioners also seek to quash Respondents' June 8 summonses as "premature." (*See id.*)

3

## II.     Legal Standard

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). A claim becomes "moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "[A] case may become moot at any stage of the litigation." *Graveline v. Benson*, 992 F.3d 524, 533 (6th Cir. 2021) (quoting *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006)). If events occur that "deprive the court of the ability to give meaningful relief" on a particular claim, then it is moot, and must be dismissed. See *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (where a court cannot give meaningful relief because of events that occurred after the filing of an action, the case is moot).

The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan*, 920 F.3d at 410 (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.1997) (en banc)). "No matter how

4

vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit" the claim for relief is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Sullivan*, 920 F.3d at 410 (quoting *Already, LLC*, 568 U.S. at 91).

### III. Analysis

"In the area of summons enforcement, it is clear. . . that where the only relief sought is the quashing of a summons and that summons has been complied with, there is no case or controversy before the Court, and the motion to quash must be dismissed." *Kearns v. United States*, 580 F. Supp. 8, 10 (S.D. Ohio 1983). In this case, Petitioners claim that Respondents injured them by issuing bad-faith and overly broad third-party summonses and the *only* relief they sought was quashing the September 28 summonses. (*See* ECF No. 1, PageID.8.) Here, Respondents' withdrawal of September 28 summonses achieved the same result[1] as a court order quashing the summons, giving Petitioners

---

[1] Petitioners contend that Respondents' motion to dismiss the petition and motion to deny as moot the January 27, 2022 motion to dismiss is untimely because Judge Patti's R&R, to which there were no objections, "decided" this matter. (ECF No. 15-1, PageID.329.) However, the parties in this case did not consent to the jurisdiction of a Magistrate Judge. Therefore, consistent with 28 U.S.C. § 636—the

5

complete relief. Because Petitioners have already received all of the relief they sought in their petition, it is moot. *See Malone v. Internal Revenue Serv. of U.S. Treasury Dep't*, 237 F.2d 54, 55 (6th Cir. 1956) (instructing the district court to dismiss the petition to quash as moot after the IRS withdrew its summons); *see also Walters v. United States,* No. C 85-8073, 1986 WL 6374, at *1 (N.D. Ohio Feb. 14, 1986) (union's compliance with IRS summons mooted the petition to quash).

In their response, Petitioners also request[2] that this Court quash Respondents' two June 8, 2022 summonses. However, the petition in this case relates only to the September 28 summonses. Therefore, evaluation of any other summons exceeds the scope of this case.

## IV. Conclusion

Accordingly, the Court grants Respondents' motion to dismiss as moot the petition to quash, and the petition (ECF No. 1) is dismissed as

---

statute which sets forth the jurisdiction of United States Magistrate Judges—Judge Patti issued an R&R recommending a disposition to this Court, but not ordering it.

[2] Federal Rule of Civil Procedure 7(b)(1) provides that, generally, "[a] request for a court order must be made by motion." Nonetheless, Petitioners include their request for an order to quash Respondents' new summonses in their response instead of making it by a motion. In any event, if Petitioners wish to challenge any summons that was not listed in their initial petition, they may do so by filing a new case.

6

moot and the January 27, 2022 motion to dismiss is denied as moot (ECF No. 5).

IT IS SO ORDERED.

Dated: July 18, 2022　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2022.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager